IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02215–RBJ–KMT

BRIAN EDMOND BATH,

        Plaintiff,

v.

VITAL RECOVERY SERVICES, INC., and
JOHN AND JANE DOES 1-100,

        Defendants.

## ORDER

        This matter is before the court on "Defendant Vital Recovery Services, Inc.'S Motion to Compel Discovery Responses" [Doc. No. 29] filed February 4, 2013. A response from the Plaintiff was due on or before February 25, 2013. To date, no response has been filed by the Plaintiff.

        According to the Defendant on December 5, 2012, it propounded its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission Directed to Plaintiff copies of which are attached to the Motion as Exhibit D. To date Plaintiff has completely ignored the discovery and no responses have been provided. Further, when counsel for Defendant attempted to contact Plaintiff to confer over the late discovery responses by sending both emails and letters, Plaintiff failed to respond and did not contact Defendant.

Fed.R.Civ.P. 37(a)(3)(B) provides, in pertinent part:

To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to respond that inspection will be permitted-or fails topermit inspection as requested under Rule 34.

*Id.*

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of complying with court orders and the Federal Rules of Civil Procedure as well as the District of Colorado Local Rules.  The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 37 permits the sanction of dismissal for failure to obey an order to produce discovery.  In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir.1992), the Tenth Circuit considered situations in which dismissal of the complaint would be an appropriate remedy where a litigant fails to reasonably participate in discovery.  The court stated that when a trial court considers Rule 37 sanctions it "should ordinarily consider various criteria including "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (internal citations omitted).

Since the Plaintiff has not responded to discovery, has not conferred with counsel for Defendant, and has not filed a response to this Motion to Compel, it is hereby

**ORDERED**

"Defendant Vital Recovery Services, Inc.'S Motion to Compel Discovery Responses" [Doc. No. 29] is **GRANTED**.  Plaintiff is **ORDERED** to provide full responses to the discovery served upon him or or about December 5, 2012 by March 12, 2013.  Failure to do so will result in the court issuing a show cause order to explain why this case should not be dismissed, with prejudice, for failure to comply with discovery orders and failure to prosecute.

Dated this 1st day of March, 2013.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge