IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-02215-RBJ-KMT

BRIAN EDMOND BATH,

    Plaintiff,

v.

VITAL RECOVERY SERVICES, INC., and
JOHN AND JANE DOES 1-100,

    Defendants.

## ORDER

Brian Bath, representing himself *pro se,* has filed a notice of dismissal of this case, indicating that he wishes to pursue the matter in small claims court. The defendant has not yet responded. The Court *sua sponte* finds that this is not a proper case for a voluntary dismissal without prejudice.

Mr. Bath has been an aggressive litigant in this court.[1]  The present case asserts a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).  He also asserts violations of the Colorado Fair Debt Collection Practices Act, C.R.S. § 12-14-101, et seq.; the Telephone Communications Act, 47 U.S.C. § 227; "invasion of privacy by intrusion upon seclusion;" and respondeat superior liability.  He demanded a jury trial.  A trial was set for January 6, 2014 but was vacated due to his pending bankruptcy proceedings.  A scheduling conference is set for March 25, 2014.  On March 14, 2014 Mr. Bath filed a "notice of dismissal,"

---

[1] According to court records, Mr. Bath is or was the plaintiff in 16 cases in this court, all with 2011 or 2012 case numbers, although some cases were removed to this court by the defendant.

indicating that he now wishes to have his claim heard in small claims court. ECF No. 55. There is no indication that he conferred with defense counsel before filing this pleading.

Rule 41(a) of the Federal Rules of Civil Procedure permits plaintiffs to dismiss their cases voluntarily if a stipulation is signed by all parties. Absent a stipulation, a plaintiff may voluntarily dismiss his case only if neither an answer nor a motion for summary judgment has been filed. A voluntary dismissal under Rule 41(a) divests the court of jurisdiction to issue further orders in the case. *Ptasynski v. Kinder Morgan G.P., Inc.,* 220 F. App'x 876, 878-79 (10th Cir. 2007).

However, those options do not apply here. There is no stipulation signed by the defendant. Defendant did file an answer – on September 26, 2012. ECF No. 9. Accordingly, Mr. Bath may voluntarily dismiss the case only upon order of the court. *Ohlander v. Larson,* 114 F.3d 1531, 1536-37 (10th Cir. 1987). The court ordinarily will grant leave voluntarily to dismiss a case absent "legal prejudice" to the defendant. *Id.* at 1537. Factors to be considered in determining whether legal prejudice exists include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* At this point, those factors have not been briefed, and the notice of dismissal [ECF No. 55] is of no effect. The case is not dismissed. The Court vacates the March 25, 2014 scheduling conference.

DATED this 20th day of March, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge